**Audrey L. STONE, Plaintiff**

v.

**Tommy G. THOMPSON, Secretary of Health and Human Services, Defendant**

**No. CIV. AMD–00–3176.**

United States District Court, D. Maryland.

Sept. 27, 2001.

**.ORDER**

DAVIS, District Judge.

This is an employment discrimination case filed by an employee of the National Institutes of Health, an agency within the federal Department of Health and Human Services. The parties have settled their dispute pursuant to an agreement they negotiated and which has been approved and entered as an order of this court. Now pending is plaintiff's motion for attorney's fees.

The scope of the parties' disagreement as to fees is quite limited. Defendant does not dispute that plaintiff is a "prevailing party" and is entitled to an award of attorney's fees and costs. *See generally Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 531 U.S. 1004, 121 S.Ct. 510, 148 L.Ed.2d 478 (2000). Defendant insists, however, that (1) any fee award should be limited to the hourly rates established as guidelines by this court and (2) work performed prior to the recent (July 2001) increase in guideline fees should be compensated at the rate applicable under the 1999 guidelines. *See* Local Rules, United States District Court for the District of Maryland, Appendix B ("Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases") (July 2001). Plaintiff, on the other hand, insists that, *inter alia,* as her place of employment was just outside Washington, D.C., in Bethesda, Maryland, and as her attorney, an extraordinarily well-qualified practitioner, is a long-time partner in a Washington law firm, fees should be awarded based on his customary hourly rates (ranging from $315 to $350 per hour between 1999 and 2001) for work of the kind performed here. The customary rates charged by plaintiff's lead counsel, James H. Heller, Esq., are reflected in the so-called Laffey Matrix.[1]

---

1. "The Laffey Matrix was established, and is updated, by the Department of Justice, to reflect the prevailing market rate for attorneys by years of practice, pursuant to *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4 (D.C.Cir. 1984), *overruled in part on other grounds by Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516 (D.C.Cir.1988) (en banc)." *Oil, Chemical & Atomic Workers Intern. Un-*

I have read and considered the parties' memoranda. I agree with plaintiff that under the circumstances of this case, a limitation on hourly rates to those recommended in this district's guidelines would result in unwarranted unfairness. Among the justifications for a departure from the guideline rates is the fact that the instant judicial action by plaintiff is only the latest of several adversarial proceedings between the parties, the causes of which have persisted for many years. *See, e.g., Stone v. Dept. of Health and Human Services*, 35 M.S.P.R (1985). It would have been unreasonable to expect that plaintiff should select counsel to prosecute this case who would charge her "Maryland rates" in view of the long history of her dispute with defendant, and Mr. Heller's obvious familiarity with the prior proceedings and the underlying details. These circumstances distinguish this case from *Xiao–Yue Gu v. Hughes STX Corp.*, 127 F.Supp.2d 751 (D.Md.2001), in which Judge Williams appropriately cautioned counsel that "where an attorney knowingly accepts a client that will entail primarily litigation in another jurisdiction, the prevailing community rate of that jurisdiction should be applied." *Id.* at 767(citing *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir .2000)).

I am persuaded from my consideration of the entire record that the appropriate hourly rates for plaintiff's counsel are as follows: all work (204.7 hours) performed by James H. Heller, Esquire: $300; all work performed by Julie L. Chambers, Esq., (a) prior to her admission to the bar (34.4 hours): $65; and (b) for work per-

formed subsequent to her admission to the bar (26.1 hours): $125.[2]

Accordingly, plaintiff is awarded attorney's fees in the amount of $66,908.50, together with costs of $431.08

It is SO ORDERED this 27th day of September, 2001.

The Clerk shall TRANSMIT a copy of this Order to all counsel.

---

ion, *AFL–CIO v. U.S. Dept. of Energy*, 141 F.Supp.2d 1 (D.D.C.2001).

**2.** I am employing a blended rate for Mr. Heller in recognition of the fact that this court's adjustment in its guidelines in July 2001 (at-

tendant to its bi-annual revision to the Local Rules) reflects a lag in the actual movement of the market, which should be taken into account under the circumstances here.